## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>                    Plaintiff, )<br>)<br>v. )<br>)<br>CARL DEAN SMITH, )<br>)<br>)<br>                    Defendant. )<br>_____ ) | CRIMINAL ACTION<br><br>No. 05-20104-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion For Review Of Order Denying Bond</u> (Doc. #14) filed November 21, 2005. On December 20, 2005, the Court held a hearing on defendant's motion. For reasons stated below, defendant's motion is now sustained and the Court finds that defendant should be released on conditions pending trial.

## Procedural History

On October 12, 2005, the government filed a criminal complaint which charged Carl Dean Smith with one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). See <u>Indictment</u> (Doc. #1). At the detention hearing on October 19, 2005, Magistrate Judge James P. O'Hara found that defendant posed a serious risk of bank robbery and that no condition or combination of conditions would reasonably assure the safety of the community and ordered him detained pending trial. Doc. #8. On November 21, 2005, defendant filed a motion for reconsideration, which the Court heard on December 20, 2005. Docs. #14 and #19.

**Standard of Review**

A defendant may seek review of a magistrate judge's detention order. See 18 U.S.C. § 3145(b). The district court reviews de novo a magistrate judge's order of detention. See United States v. Martinez, No. 99-40095-01-SAC, 1999 WL 1268376, at *2 (D. Kan. Nov. 3, 1999) (citations omitted); United States v. Huffman, No. 98-40068-02-DES, 1998 WL 460260, at *1 (D. Kan. July 1, 1998). The district court must make its own de novo determination of the facts and legal conclusion with no deference to the magistrate judge's findings. See Martinez, 1999 WL 1268376, at *2 (citations omitted). A de novo evidentiary hearing, however, is not required. See United States v. Morris, No. 99-40003-RDR, 1999 WL 51823, at *1 (D. Kan. Jan. 26, 1999); United States v. Alonso, 832 F. Supp. 503, 504 (D.P.R. 1993). The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. See Martinez, 1999 WL 1268376, at *3 (citations omitted). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See id.; Martinez, 1999 WL 1268376, at *3. At the hearing on December 20, 2005, the Court heard proffers by defendant. The Court incorporates the record of the proceedings conducted by the magistrate judge.

**Standards For Detention**

The Court must determine whether conditions of release will reasonably assure the appearance of the person as required and the safety of any other person and the community. In making this determination, the district court must take into account the available information concerning–

(1) The nature and circumstances of the offense charged, including whether the offense is

-2-

a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including–
   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

The government must prove risk of flight by a preponderance of the evidence. Martinez, 1999 WL 1268376, at *3 (citations omitted). The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id.; see 18 U.S.C. § 3142(f). The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with an offense for which the Controlled Substances Act, 21 U.S.C. § 801 et seq., prescribes a maximum term of imprisonment of ten years or more. See 18 U.S.C. § 3142(e).

Here, the indictment charges defendant with an offense under 18 U.S.C. § 2113(a) and (d). It does not raise the rebuttable presumptions of risk of flight and danger to the community. See Martinez, 1999 WL 1268376, at *3. Therefore, the burden of proof regarding risk of flight and danger to the

community remains with the government.

## Analysis

After carefully considering the applicable factors, the Court finds that defendant should be released under conditions set forth in the Court's Order Setting Conditions Of Release.

### I.     Nature And Circumstances Of The Offense

Defendant is charged with one crime of bank robbery under 18 U.S.C. § 2113(a) and (d). This crime does not raise a presumption of detention under 18 U.S.C. § 3142(e).

### II.    Weight Of The Evidence

The weight of evidence against defendant is substantial. On September 20, 2005, a masked robber stole more than $7,000 from the First National Bank of Louisburg. A surveillance tape of the robbery shows the robber in possession of a firearm. Later on the day of the robbery, defendant made overdue payments on various bills. The amount of his payments was consistent with the amount taken during the robbery. During search of defendant's apartment, law enforcement officers found a $20 bait bill from the bank. The evidence against defendant weighs in favor of detention pending trial.

### III.   History And Characteristics Of Defendant

Defendant is the father of two daughters, ages 8 and 6. Prior to detention, he resided in Olathe, Kansas with his wife. Defendant's wife is currently living with his mother and stepfather in Olathe, and has been employed for the last four years.

Defendant reported that he worked for a temp service, but that report has not been verified. Since 1996, defendant has been regularly paying money towards child support for which he was originally $45,000 in arrears. He currently owes $3,200 on this obligation. Since his incarceration, defendant has

worked as a hallway porter at CCA. He has not had any disciplinary infractions.

Defendant reports that he does not use or abuse alcohol or drugs. A psychiatrist at CCA screened defendant and did not recommend any treatment or mediation. He has numerous prior encounters with law enforcement, all prior to 1997. He has one instance of failure to appear in court for a domestic hearing, purportedly because of a miscommunication.

Based on defendant's history and characteristics, he likely does not pose a flight risk.

### IV.    Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). Allegations in the grand jury indictment show that defendant may pose a substantial danger to the community. He allegedly used a firearm in connection with robbing a bank. The Court does not find by clear and convincing evidence, however, that defendant poses a danger to the community.

### V.    Conclusion

Based upon the evidence presented and proffered at two hearings, the Court concludes that a set of conditions of release will assure defendant's pretrial presence as required and/or protect the community from the danger of additional crimes of violence. The government has not carried its burden of proving that pretrial detention is warranted.

**IT IS THEREFORE ORDERED** that defendant's Motion For Review Of Order Denying Bond (Doc. #14) filed November 21, 2005, be and hereby is **SUSTAINED in part**. The specifics conditions of release are set forth in a separate order.

Dated this 21st day of December, 2005 at Kansas City, Kansas.

<div style="margin-left:50%">

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

</div>