# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 05-20104-01-KHV |
| CARL DEAN SMITH, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On August 17, 2006, a jury found defendant guilty of robbing the First National Bank of Louisburg in Stilwell, Kansas, in violation of 18 U.S.C. § 2113(a) and (d). The Court sentenced defendant to 78 months in prison. On direct appeal, the Tenth Circuit affirmed defendant's conviction and sentence. See United States v. Smith, 264 Fed. Appx. 730 (2008). This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Prison (Doc. #74) filed April 20, 2009. After carefully considering the parties' briefs, the Court overrules defendant's motion.

## Factual Background

The evidence at trial may be summarized as follows:

On September 19, 2005, defendant went to First National Bank in Stilwell, Kansas, purportedly to inquire about bank services. The next day, on September 20, 2005, defendant went to Peoples Bank (the only other bank in Stilwell, about one block from First National Bank), purportedly to inquire about opening a checking account. Later that day, a masked gunman robbed more than $7,000 from First National Bank and escaped without being identified. Surveillance photos from Peoples Bank and First National Bank show that the robber's size and shape were

similar to that of defendant. Defendant testified that on the day of the robbery, he had been at a nursery in Stilwell and that as he was driving from the nursery, he was almost hit by a car which was very similar to his own car. He testified that as the car passed him, something flew out of it but the car kept moving. Defendant said that he continued down the street and found a sack of money which he subsequently used to pay more than $6,000 in bills. Defendant testified that he did not know the money was from a bank robbery but that he later heard about the robbery through a news report and concluded that the money might have been from the robbery. Defendant initially told the FBI that the money which he used to pay his bills was from other sources.

On August 17, 2006, a jury found defendant guilty of robbing First National Bank. As noted, the Court sentenced defendant to 78 months in prison. On direct appeal, the Tenth Circuit affirmed defendant's conviction and sentence. See Smith, 264 Fed. Appx. 730.

On April 20, 2009, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that defense counsel was ineffective because (1) he did not investigate an alibi defense in a timely manner, (2) he did not conduct a meaningful pretrial investigation, (3) he did not interview government witnesses before trial, (4) he did not request a limiting instruction concerning Rule 404(b) evidence, (5) he did not ask government counsel before cross-examination for Jencks Act materials on government witnesses, (6) he did not request a background check on all government witnesses and (7) he did not file a motion to suppress the evidence which law enforcement officers discovered at defendant's house pursuant to a search warrant.

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that

the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988) (citation omitted), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

Initially, the Court notes that defendant has challenged as ineffective nearly every aspect of trial counsel's pretrial investigation. Strickland, however, mandates that the Court be "highly deferential" in its review of counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. The Court must not second-guess counsel's assistance with the benefit of hindsight simply because

defendant was convicted. See id. Here, although counsel did not secure defendant's acquittal, his strategy and conduct was reasonable and competent. The circumstantial evidence against defendant was overwhelming and as the Court noted at sentencing, defendant's story about the real robbers throwing the money out of a car was preposterous. Transcript Of Sentencing (Doc. #65) at 9. Likewise, based on counsel's performance at trial and his obvious preparation, defendant's numerous allegations about the deficiencies in counsel's pretrial investigation are highly suspect. Below, the Court addresses each of defendant's claims in turn.

## I.     Failure to Timely Pursue Alibi Defense

Defendant argues that counsel was ineffective because he did not investigate an alibi defense in a timely manner. Defendant claims that counsel should have immediately interviewed an employee at a landscape nursery who could have verified that defendant was there at the time of the robbery. Defendant has not shown that counsel's performance was deficient in this regard. In his initial interview with law enforcement officers, defendant claimed that he had not left his house on September 19, 2005 or September 20, 2005. After law enforcement officers suggested that defendant may have been at the bank to open an account, defendant admitted that he went to one bank the day before the robbery to inquire about opening an account. He later admitted that he went to the other bank the next day. Based on defendant's prior statements to law enforcement, defense counsel could reasonably conclude that an alibi defense would be unsuccessful.

Even if defendant could show that counsel was somehow deficient for failing to interview the nursery employee at an earlier time, defendant has not shown that had counsel interviewed the alibi witness at an earlier date, the result of trial would have been different. See Rantz, 862 F.2d at 810-11. In particular, defendant has not shown that a nursery employee could have pinpointed the

precise time when defendant visited the nursery. The nursery and the bank are located within the same relatively small community of Stilwell and testimony that defendant was at the nursery on the day of the robbery would be unlikely to exclude the possibility that defendant also visited First National Bank that day. Indeed, no witness disputed defendant's testimony that he was at the nursery that day.

Furthermore, in the context of a claim that counsel failed to interview or subpoena a witness, defendant must provide an affidavit of the potential witness as to the nature of the proposed testimony. See United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991) (to show ineffective assistance, evidence about testimony of putative witness must generally be presented by witness testimony or affidavit); Sanders v. Trickey, 875 F.2d 205, 210-11 (8th Cir.) (failure to provide affidavit from witness regarding potential testimony precludes finding of prejudice), cert. denied, 493 U.S. 898 (1989); United States v. Schaflander, 743 F.2d 714, 721 (9th Cir. 1984) (to warrant evidentiary hearing, movant must submit affidavit or sworn statement from witness or counsel), cert. denied, 470 U.S. 1058 (1985); United States v. Anderson, No. 95-20086-JWL, 2003 WL 22757928, at *3 (D. Kan. Nov. 6, 2003) (Section 2255 movant required to submit affidavit of putative witness); United States v. Cosby, 983 F. Supp. 1022, 1026 (D. Kan. 1997) (prejudice not established where defendant did not submit affidavit of potential alibi witnesses); see also United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997) (certificate of appealability on ineffective assistance claim denied because defendant did not present specific facts to show that co-defendant would have offered exculpatory evidence).

In sum, defendant has not shown that a more timely interview of the nursery employee would have altered the jury's conclusion that defendant had robbed the First National Bank.

## II.     Failure To Conduct Meaningful Pretrial Investigation

Defendant argues that counsel was ineffective because he did not conduct a meaningful pretrial investigation. In particular, defendant claims that counsel did not investigate the description of the get-away car given by a First National Bank employee.[1] Defendant's claim is directly refuted by the record – which reflects that on direct examination, defense counsel asked defendant several specific questions about his car to distinguish it from the car described by the bank employee. See Trial Transcript (Doc. #70) filed February 14, 2007 at 4-6. Defense counsel clearly knew the description given by the bank employee and distinguished that description from defendant's car. Defense counsel's performance was not deficient in this regard. See United States v. Eaton, 20 Fed. Appx. 763, 768 (10th Cir. 2001) (counsel not ineffective where he vigorously pursued defense and additional evidence would have been cumulative to testimony already elicited). Moreover, defendant did not suffer prejudice: his own testimony about the details of his car adequately informed the jury of the discrepancy between the description of the get-away car and his car. The Court therefore overrules plaintiff's ineffective assistance claim based on counsel's failure to conduct a meaningful pretrial investigation.

## III.    Failure To Interview Government Witnesses

Defendant argues that counsel was ineffective because he did not interview government witnesses before trial. Defendant does not identify any particular witness who counsel should have interviewed and he does not explain how prior interviews with various witnesses would have

---

[1] In support of his second claim, defendant also argues that counsel failed to timely interview an alibi witness (claim 1), failed to interview government witnesses before trial (claim 3) and failed to file a motion to suppress the evidence which officers found at defendant's residence (claim 7). The Court has addressed each of these claims elsewhere in this order.

changed the jury verdict. Defendant concedes that counsel did interview some witnesses such as a nursery employee. A decision not to investigate cannot be deemed reasonable if it is uninformed, see Hooper v. Mullin, 314 F.3d 1162, 1170-71 (10th Cir. 2002), but defendant has not shown that counsel's alleged decision was uninformed. Moreover, counsel may reasonably decide to rely on prior statements of witnesses to investigators. See Wilson v. Simmons, 536 F.3d 1064, 1136 (10th Cir. 2008). Defendant apparently claims that the lack of interviews led to ineffective cross-examination, but counsel's cross-examination of witnesses was reasonable. It appeared to be well-informed and was certainly not the product of an attorney who had failed to review prior statements of witnesses.

Trial strategy includes determining how best to cross-examine witnesses. See Pickens v. Gibson, 206 F.3d 988, 1002 (10th Cir. 2000); United States v. Glick, 710 F.2d 639, 644 (10th Cir. 1983) (selection of questions is matter of "strategic choice"). Defense counsel aggressively cross-examined the government witnesses, and his questions evidenced a well-informed understanding of the case. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (judge may rely on personal knowledge or recollection). Defendant has not alleged how pretrial interviews would have allowed counsel to better cross-examine the witnesses. See Moore v. Gibson, 195 F.3d 1152, 1179 (10th Cir. 1999). Nor has he articulated what exculpatory evidence could have been elicited through prior interviews. See Church v. Sullivan, 942 F.2d 1501, 1513 (10th Cir. 1991) (defendant bears burden of establishing how more extensive cross-examination would have changed outcome of trial). No witness specifically identified defendant as the robber. Much of the testimony (such as the fact that defendant had visited Peoples Bank and First National Bank before the robbery) was undisputed and did not directly dispute defendant's theory of the case – that is, that he picked up a bag of money

which the actual robbers had thrown out of their get-away car. On this record, the Court must assume that even if defense counsel had interviewed all government witnesses before trial, their testimony would not have changed in any material respect. Defendant has not shown a reasonable probability that but for counsel's alleged error, the results of the proceeding would have been different. See Rantz, 862 F.2d at 810-11. The Court therefore overrules his third claim for relief.

**IV.     Failure To Request Limiting Instruction On Rule 404(b) Evidence**

On appeal, defendant argued that the Court improperly admitted evidence about his visit to Peoples Bank. The Tenth Circuit concluded that the Court did not abuse its discretion in admitting the evidence as relevant on the issues of motive, intent and preparation for the robbery. See Smith, 264 Fed. Appx. at 733. The Tenth Circuit noted as follows:

> Furthermore, the district court did not err in finding that the probative force of this evidence was not substantially outweighed by the danger of juror confusion. Throughout the trial, the government was careful to distinguish between the two banks. For example, in questioning a law enforcement agent, the prosecutor clarified that although the robbery occurred at First National, the fingerprints were taken from the other bank visited by Mr. Smith.
>
> The district court specifically instructed the jury that "[i]n determining whether defendant is guilty or innocent, you are to consider only whether he has committed the acts charged in the indictment" - that is, the armed robbery of First National - and further noted that Mr. Smith "is not on trial for any act or conduct not specifically charged in the indictment." R., Vol. I, Doc. 51, Instruction No. 8. *Mr. Smith had the opportunity during a jury instruction conference at trial to request more detailed or specific limiting or cautionary instructions to counteract the alleged prejudice from the other-bank evidence. But Mr. Smith failed to do so.*

Id. (emphasis added). Drawing on the Tenth Circuit's opinion, defendant argues that counsel should have sought a more detailed instruction which informed the jury that "they did not have to accept the government's version that Movant's visit to a nearby bank showed intent, motive and preparation but the jury could select Movant's version that the visit to the nearby bank was to inquire about bank

services." Motion To Vacate (Doc. #74) at 14.

Defendant has not shown that defense counsel was deficient in failing to request a more detailed instruction. First, defense counsel asked the Court to exclude evidence that defendant had visited Peoples Bank the day before the robbery at First National Bank. The Court overruled counsel's motion and admitted the evidence. The Court instructed the jury as follows:

> In determining whether defendant is guilty or innocent, you are to consider only whether he has committed the acts charged in the indictment. Defendant is not on trial for any act or conduct not specifically charged in the indictment. If you believe that defendant is guilty of some offense not charged in the indictment, you must still find defendant not guilty if the evidence does not show beyond a reasonable doubt that he has committed the specific acts charged in the indictment.

Instructions To The Jury (Doc. #51) filed August 17, 2006, Inst. No. 8. Defendant's proposed instruction (that the jury did not have to accept the government's version of why he went to Peoples Bank) was unnecessary. The instructions already informed the jury that they were the "sole" and "exclusive" judges of the facts, Inst. Nos. 1 and 15, that the government "always has the burden of proving beyond a reasonable doubt every essential element of the crime charged," Inst. No. 9, and that if the jury has a reasonable doubt that defendant is guilty, they must give him the benefit of that doubt and find him not guilty, id. Defense counsel was not deficient in failing to ask for a more detailed instruction. Moreover, defendant has not shown that if counsel had asked for a more detailed instruction, such an instruction would have altered the jury's ultimate conclusion that he robbed the First National Bank. The Court therefore overrules defendant's fourth claim for relief.

**V.      Failure To Request Jencks Act Materials Before Cross-Examination Of Witnesses**

Defendant argues that counsel was ineffective because he did not ask for Jencks Act materials before cross-examination of government witnesses. As with his third claim, defendant does not identify any particular Jencks Act materials as to any government witness and he does not

-9-

explain how review of any such materials would have changed the jury verdict. As noted, defense counsel aggressively cross-examined the government witnesses, and his questions evidenced a well-informed understanding of the case. Defendant has not alleged how review of Jencks Act materials would have allowed counsel to better cross-examine the witnesses. See Moore, 195 F.3d at 1179. Based on this record, the Court must assume that even if defense counsel had reviewed Jencks Act materials as to government witnesses, their testimony would not have changed in any material respect. Defendant has not shown a reasonable probability that but for counsel's alleged error, the results of the proceeding would have been different. See Rantz, 862 F.2d at 810-11. The Court therefore overrules his fifth claim for relief.

**VI.     Failure To Request A Background Check On Government Witnesses**

In a claim closely related to his third and fifth claims discussed above, defendant argues that counsel was ineffective because he did not ask for a background check on government witnesses. Again, defendant does not identify any particular witness and he does not explain how review of any such material would have changed the jury verdict. Defendant has not alleged how background checks on government witnesses would have allowed counsel to better cross-examine them. See Moore, 195 F.3d at 1179. Defendant has not shown a reasonable probability that but for counsel's alleged error, the results of the proceeding would have been different. See Rantz, 862 F.2d at 810-11. The Court therefore overrules his sixth claim for relief.

**VII.    Failure To File A Motion To Suppress Evidence From Defendant's Residence**

Defendant complains that counsel did not file a motion to suppress evidence which law enforcement officers recovered from his residence pursuant to a search warrant. Defendant argues that his "only connection was that he was in the area during the commission of the crime." Motion To Vacate (Doc. #74) at 21. The affidavit for a search warrant, however, includes several other facts

which establish probable cause to believe defendant was involved in the bank robbery. The affidavit includes a description of the robber; a description of the individual who visited Peoples Bank; a statement that the Johnson County Sheriff's Deputy (who had recently arrested defendant and viewed the Peoples Bank surveillance video) said that defendant resembled the man in the Peoples Bank video and had the same physical characteristics as the man who robbed First National Bank; a statement that the car which defendant drove resembled the get-away car described by the employee of First National Bank; and statements of defendant's apartment manager, who said that (1) on Friday, September 16, 2005, her company had obtained a judgment against defendant for past rent and he was going to be evicted, (2) on Tuesday, September 20, 2005, at 2:28 p.m., defendant tried to pay cash for his entire apartment debt plus one extra month's rent, (3) when defendant tried to pay, he showed the apartment manager a "large wad of US currency" and was sweating profusely and acting extremely nervous, and (4) after defendant learned that he could not pay in cash, he left and returned a short time later with $2,805 in money orders. See Affidavit For Search Warrant, attached as Exhibit A to the government's Response To Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Doc. #81) filed January 15, 2010. Only those motions having a solid foundation, not every possible motion, should be filed. United States v. Afflerbach, 754 F.2d 866, 870 (10th Cir.), cert. denied, 472 U.S. 1029 (1985). Defendant has not shown an adequate factual or legal basis for a motion to suppress or suggested how such a motion would have likely affected the outcome of the case. The Court therefore overrules his seventh claim for relief.

**VIII. Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States

v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); Marr, 856 F.2d at 1472 (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by the record).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Prison (Doc. #74) filed April 20, 2009 be and hereby is **OVERRULED**.

Dated this 1st day of March, 2010, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge